UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers Of**
**Douglas R. Miller**
United States Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-7770
MDD_DRMchambers@mdd.uscourts.gov

July 22, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Amy F. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-2192-DRM

Dear Counsel:

On July 29, 2024 Plaintiff Amy F. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF No. 8) and the parties' briefs (ECF Nos. 11, 15, and 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

### I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on July 22, 2021, alleging a disability onset of January 2, 2021. Tr. 221-223. Plaintiff's claims were denied initially and on reconsideration. Tr. 118-138. On May 10, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 47-67. Following the hearing, on May 10, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. *Id.* The ALJ's decision became the final, reviewable decision of the SSA when it was affirmed by the Appeals Council on June 7, 2024. Tr. 1-7. *See also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on July 29, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 22, 2021, the application date[.]" Tr. 52. At step two, the ALJ found that Plaintiff suffered from severe impairments, including "a history of a seizure disorder, asthma, bilateral carpal tunnel syndrome, a major depressive disorder, post-traumatic stress disorder (PTSD), and attention deficit hyperactivity disorder." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "opioid and alcohol abuse." Tr. 53. Specifically, because Plaintiff "had obtained extended remission" from both alcohol and opioid use, and because the ALJ found that no medical evidence indicated these conditions more than minimally affected her ability to perform work related activities, the ALJ considered the conditions to be non-severe impairments. *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* Next, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant: could lift and carry up to 20 pounds occasionally and up to 10 pounds frequently; could sit for up to 6 hours and stand/walk for up to 6 hours, in an 8-hour workday; must be afforded the opportunity to alternate between sitting and standing for 2 minutes, every 30 minutes, without being off task; could perform occasional postural activities, but must never climb ladders, ropes, and scaffolds; is limited to frequent manipulatives, bilaterally; must avoid concentrated exposure to extreme cold/heat, wetness, and humidity; must avoid concentrated exposure to excessive vibrations; must avoid concentrated exposure to irritants and chemicals; must avoid all exposure to unprotected heights, hazardous machinery, and commercial driving; is limited to performing simple, routine, and repetitive tasks, requiring only simple decisions, with no fast-paced production requirements and few workplace changes; and could have occasional contact with the public, coworkers, and supervisors.

Tr. 56-57. The ALJ further determined that Plaintiff was unable to perform past relevant work as a DoorDash driver (DOT[3] # 292.353-010), warehouse worker (DOT # 922.687-058), or home health aide (DOT # 354.377-014), but could perform other jobs that existed in significant numbers in the national economy. Tr. 61-63. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 63.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff argues that the ALJ's RFC determination misapplied the correct legal standards and was unsupported by substantial evidence. ECF No. 11 at 7. Defendant counters that the ALJ properly accounted for Plaintiff's moderate limitation when assessing her RFC. ECF No. 15 at 5. Second, Plaintiff argues that the ALJ erred by posing an inadequate hypothetical to the vocational expert, premised on a limitation ("no fast-paced production requirements") which the ALJ failed to define, and then using that same undefined limitation in the RFC determination. ECF No. 11 at 12. Defendant counters that the argument is waived, that the phrase is in any event self-explanatory, and alternatively that any error was harmless because the vocational expert's testimony as to the requirements of the jobs that she believed the Plaintiff could perform provided substantial evidence at step five of the sequential evaluation. ECF No. 15 at 16-17.

The Court agrees with Plaintiff that the ALJ made use of a term in the determination of Plaintiff's RFC that frustrates appellate review and will remand on this basis. The Fourth Circuit

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Amy F. v. Bisignano*
Civil No. 24-2192-DRM
July 22, 2025
Page 4

has made clear that an ALJ may not put forward a limitation in a hypothetical where that limitation is not defined by common meaning, regulation, or the DOT. *See Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019); *see also Nora P. v. Comm'r., Soc. Sec. Admin.*, Civil No. SAG-18-1604, 2019 U.S. Dist. LEXIS 68383 (D. Md. April 23, 2019). Specifically, in *Thomas*, the Fourth Circuit held that an ALJ's use of the phrase "[work] requiring of a production rate or demand pace" was fatal to the RFC determination at issue, as the terms "production rate" and "demand pace" were "not common enough for us to know what they mean without elaboration," the ALJ had failed to define the terms, and the resulting lack of clarity frustrated appellate review. 916 F.3d. at 312. Similarly, in *Nora P.*, Judge Gallagher found that remand was warranted where the ALJ used the term "no fast pace, or strict production requirements" in a hypothetical to a vocational expert and in the RFC assessment. 2019 U.S. Dist. LEXIS 68383 at *4.

Here, Plaintiff correctly asserts that the ALJ erred by using the undefined "no fast-paced production" limitation in a hypothetical to the vocational expert and again in the RFC determination. The term is analogous to those criticized in *Thomas* and *Nora P*. in that it is not a term of common usage and is not defined in the DOT. And as in those cases, the ALJ provided no definition of the term. While Defendant argues the phrase is self-explanatory and thus differs from the language criticized by the Fourth Circuit in *Thomas*, as this Court has noted, "[d]ifferent individuals can have different conceptions of what work is or is not 'fast.'" *Nora P.,* 2019 U.S. Dist. LEXIS 68383 at *5 (quoting *Crocetti v. Comm'r. Soc. Sec.*, Civil No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697 (D. Md. June 6, 2018)). Thus, the limitation of "no fast-paced production" is far from self-explanatory in this context.

Defendant's waiver argument is premised on Plaintiff "now contend[ing] that the vocational expert's testimony was unreliable because it conflicts with the information in the DOT," after "holding back clarifying questions from the vocational expert to save issues for appeal." ECF No. 15 at 16. But that is not an accurate characterization of the error which Plaintiff identifies, and the cases cited by Defendant are inapposite for that reason.

The Court rejects Defendant's contention of harmless error for the same reasons Judge Boardman rejected a similar argument in *Steven S. v. Comm'r., Soc. Sec. Admin.*, Civil No. DLB-19-1055, 2020 WL 1929628 (D. Md. April 21, 2020):

> Pursuant to the Fourth Circuit's decision in *Thomas*, 916 F.3d at 312, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms "production pace work." If the relevant RFC terms are "not common enough for [the court] to know what they mean without elaboration," *id.*, the Court is unable to decide whether the error in failing to explain the terms was harmless. The Court cannot decisively say that, had the ALJ defined or explained the term "production pace work," the VE would have identified the same, or any, positions that the hypothetical person could perform.

*Steven S.,* 2020 WL 1929628 at *3 (citing *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error."))

*Amy F. v. Bisignano*
Civil No. 24-2192-DRM
July 22, 2025
Page 5

*See also Taishika C. v. Saul*, No. DLB-19-1994, 2020 WL 2994487, at *4 (D. Md. June 4, 2020) (unable to find harmless error where ALJ did not define or explain terms "fast pace or strict production requirements" in hypothetical and RFC.)

It follows that the Court will remand this case and allow the ALJ to clarify the RFC assessment and the hypothetical put forward to the vocational expert, in order to establish that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion on step five.

Because the case is being remanded on the grounds described above, I need not address other arguments that appear in Plaintiff's brief. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.   CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/
Douglas R. Miller
United States Magistrate Judge